835 F.2d 880
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lewis E. WILLIAMS, Plaintiff-Appellant,
v.
Anthony PALMER & Elton Scott, Defendants-Appellees.
 No. 86-2024.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1987.
 
 Before KEITH, MILBURN and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant appeals the district court's grant of summary judgment in favor of defendants-appellees on plaintiff's claims under 42 U.S.C. section 1983. Plaintiff filed this pro se prisoner complaint in April 1984. He alleged that during December 1983, the temperature in his cell block became so excessively cold that it amounted to a violation of his Eighth Amendment right to be free from cruel and unusual punishment or his Fourteenth Amendment substantive due process rights. The plaintiff claims that he is a diabetic, that he informed the defendants of this fact and of the problems that diabetics encounter with poor circulation, but that the defendants neither supplied adequate heat to plaintiff's cell or supplied plaintiff with blankets. Plaintiff alleges that as a result of the extremely cold temperatures in his cell, he suffered frostbite to his toes sometime between December 24, 1983, and December 26, 1983.
 
 
 2
 The defendants moved for dismissal of plaintiff's complaint attaching to their motion log book entries for plaintiff's cell block during the days in question wherein the temperatures recorded are in the 50 to 60 degrees Fahrenheit range. Plaintiff argued in his memorandum opposing defendants' motion that although the temperatures may have been accurately recorded, they are misleading because the thermometer used by the defendants hangs at the opposite end of plaintiff's cell block on the outside of an office wall, and the office is heated with a space heater.
 
 
 3
 The matter was referred to a Magistrate who recommended that summary judgment should be granted defendants. On September 29, 1986, the district court adopted the report and recommendation of the Magistrate dated August 8, 1986. The issue on appeal is whether plaintiff has presented a genuine issue of material fact on his Eight Amendment claim.
 
 
 4
 We have noted the following statement in the Magistrate's report and recommendation: "Although there is a factual dispute as to actual temperature in the housing unit on December 26, 1983, the defendants present ample evidence that during the period the temperature in the unit was maintained between 58 degrees--66 degrees Farenheit [sic]." As the Magistrate recognized that "there is a factual dispute as to actual temperature in the housing unit on December 26, 1983," the granting of summary judgment was not proper in this case as the factual dispute as to the actual temperature is a genuine issue of material fact. Accordingly, the judgment of the district court is REVERSED, and this cause is REMANDED to the district court for a hearing on the merits. However, we intimate no view as to the eventual outcome of this case.